UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM AVERY McKNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-0058 |
| ) | Chief Judge Haynes |
| MARSHALL COUNTY JAIL and ) | |
| FELECIA McGEE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM

Plaintiff, William Avery McKnight, filed this pro se action under 42 U.S.C. § 1983 against the Defendants, the Marshall County Jail and Ms. Felecia McGee. Plaintiff seeks damages for the Defendants' alleged denial of adequate medical procedures at the Marshall County Jail where Plaintiff was detained at the time of the events at issue.

## A. Analysis of the Complaint

According to Plaintiff's complaint, Defendant McGee, a nurse who provides medical care to inmates at the Marshall County Jail, allows correctional officers who lack medical training, to dispense medication to jail inmates. Plaintiff further alleges that McGee is not properly performing her job duties, one of which "happens to be properly dispensing medications to ensure that the proper inmates receives the proper medication." (Docket Entry No. 1, Complaint at 5.) Plaintiff does not allege that he takes medication dispensed by correctional officers nor that he has witnessed any error in the distribution of medication by correctional officers nor that he or

1

any other inmate has received the wrong medication as a result of this practice. Plaintiff simply asserts that "[i]t is hazardous to our health for un-professional and non-licensed officers to partake in the practice of dispensing and or distribution of pharmaceuticals which is (Mal-Practice) professional misconduct or improper practice [by] Ms. McGee .... "(Complaint at 4-5.)

### B. Conclusions of Law

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). In reviewing the complaint to determine whether it states a plausible claim, the Court is mindful that pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

For his claims under 42 U.S.C. § 1983, Plaintiff must allege facts that a person acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). The Defendant Marshall County Jail is not a person that can be sued in a Section 1983 action. Cross v. Bradley County Jail, No. 1:08-cv-123, 2009 WL 2043884 at *3 (E.D. Tenn. July 2,

2009).

Plaintiff does not identify which of his constitutional rights was violated, but Plaintiffs factual allegations implicate Plaintiff's Eighth Amendment right to adequate medical care. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state an Eighth Amendment claim, an inmate must allege facts that (1) the alleged deprivation of medical care is objectively serious, and (2) the official responsible for the deprivation exhibited deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle, 429 U.S. at 106.

A serious medical condition is one that "is sure or very likely to cause serious illness and needless suffering." Helling v. McKinney, 509 U.S. 25, 33 (1993). An actual physical injury is not required. Boretti v. Wiscomb, 930 F.2d 1150, 1155 (6th Cir. 1991). Plaintiff must also allege facts suggestive of the Defendant's "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs." Horn v. Madison Cnty. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). An accidental, inadvertent, or negligent failure to provide adequate medical care does not satisfy this standard. *Estelle*, 429 U.S. at 105-06.

Here, Plaintiff does not allege that he has a serious medical need, that he experienced any unnecessary pain or suffering, or that the Defendant knew that Plaintiff had serious medical need for which he was denied prescribed medication. Thus, the Court concludes that Plaintiff's complaint fails to state a claim for which relief may be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 16th day of May, 2014.

_____
William J. Haynes, Jr.
Chief Judge
United States District Court